UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE M. JONES, II,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>I. JACQUEZ, Warden, FDC SeaTac,<br><br>　　　　　　　　Respondent. | Case No. C18-1614-RSL-MAT<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Bruce Jones is a federal prisoner who is currently confined at the Federal Detention Center in SeaTac, Washington. He has presented to this Court for consideration a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the legality of his 2010 conviction in the United States District Court for the District of Kansas on charges of manufacturing marijuana and possessing a firearm in furtherance of a drug trafficking crime. This Court, having reviewed the petition, recommends that this matter be dismissed. *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (district court may summarily dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief) (citing Habeas Corpus Rule 4).

/ / /

REPORT AND RECOMMENDATION
PAGE - 1

## DISCUSSION

In December 2010, petitioner pleaded guilty in federal district court in Kansas to one count of manufacturing marijuana and one count of possessing a firearm in furtherance of a drug trafficking crime. Petitioner was sentenced to a term of 144 months imprisonment for these convictions. In January 2013, petitioner's judgment was affirmed on direct appeal to the Tenth Circuit. In 2016, petitioner filed two motions under 28 U.S.C. § 2255 in the federal district court in Kansas. Petitioner's first § 2255 motion was dismissed as untimely, and his second such motion was dismissed for lack of jurisdiction as petitioner had not obtained permission from the Tenth Circuit to file a second or successive motion. Petitioner thereafter moved for relief from judgment in both of his § 2255 actions, and the motion was denied in June 2017.

Petitioner now seeks relief under § 2241 from his 2010 District of Kansas conviction. Petitioner asserts in this action that his Sixth Amendment right to effective assistance of defense counsel was violated when counsel failed to properly investigate and advise petitioner prior to petitioner entering a guilty plea. (*See* Dkt. 4-2 at 2-4.) Petitioner further asserts that defense counsel unlawfully continued to represent him during sentencing and on appeal after counsel lost his license, and that counsel's failure to reveal that his license had been revoked evidences a clear conflict of interest. (*See id*.)

"In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention." *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (quoting *Lorentsen* v. *Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). Section 2255 allows a federal prisoner claiming that his sentence was imposed "in violation of the Constitution or laws of the United States" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In contrast, § 2241 provides an avenue for prisoners to

"challenge the manner, location, or conditions of a sentence's execution[.]" *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  A § 2255 motion must be heard in the sentencing court, while a § 2241 petition must be heard in the custodial court.  *Id*. at 864-65.

There is a narrow exception to the general rule that challenges to the legality of a sentence must be filed under § 2255, a so-called "escape hatch," which permits a prisoner to proceed under § 2241 if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." *See* 28 U.S.C. § 2255(e); *Ivy*, 328 F.3d at 1059.  "A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits." *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).  Likewise, relief under § 2255 is not "inadequate or ineffective" merely because § 2255's gatekeeping provisions prevent a prisoner from filing a second or successive motion in the sentencing court.  *Ivy*, 328 F.3d at 1059 (citing *Lorentsen*, 223 F.3d at 953).  In order to challenge a conviction or sentence under § 2241 on the grounds that the remedy available under § 2255 is "inadequate or ineffective," a petitioner must demonstrate that he: "(1) [is] factually innocent of the crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim." *Id*. at 1059-60

Petitioner asserts in his § 2241 petition that § 2255 is an ineffective and inadequate remedy in this instance because he previously pursued such a remedy in the District of Kansas and "that Court has been unwilling to acknowledge or correct its mistakes." (Dkt. 4-1 at 2.)  Petitioner argues that the District of Kansas ruled against him "in <u>DIRECT</u> contradiction to Constitutional holdings and United States Supreme Court precedent." (Dkt. 4-1 at 2.)  However, such assertions are insufficient to entitle petitioner to seek relief in this Court under § 2241 pursuant to § 2255's "escape hatch." Petitioner's § 2241 petition fails to allege or show that he is factually innocent of the crimes for which he was convicted, or that he has never had an "unobstructed procedural shot"

REPORT AND RECOMMENDATION
PAGE - 3

at presenting such a claim as required by *Ivy*, 328 F.3d at 1059-60. Petitioner's attempt to challenge his District of Kansas conviction through this § 2241 action is therefore unavailing.

## CONCLUSION

Based on the foregoing, this Court recommends that petitioner's federal habeas petition be dismissed because the Court lacks jurisdiction to consider it. This Court further recommends that petitioner's pending application to proceed with this action *in forma pauperis* be denied as moot. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 25, 2019**.

DATED this 28th day of December, 2018.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4